Vincent A. Lupiano, J.
As defendant and eounterclaimant in an action brought in the State of Mississippi, this plaintiff recovered a judgment of divorce in 1952. The action is upon that judgment. It did not fix alimony, but incorporated and adopted a separation agreement and directed that the judgment may be ■enforced to secure the rights provided to each party under that agreement. It was a contested action between residents of the State of Mississippi. Since some time in 1958 the defendant has been a resident of the State of New York. The agreement provided for a. fixed weekly alimony in relation to a stated income then derived by the defendant from his business in Mississippi and from all sources with further provision for revision downward according to a formula in the event of decrease in total annual income. The business was discontinued in 1958. It does not conclusively appear that the defendant has been without any income since 1958.
The first cause of action is based upon an order entered in the Mississippi action in 1959, adjudging the amount of the arrears then due to this plaintiff. The second cause is based upon the original decree and seeks the recovery of a larger sum for a period embracing the time involved in the first cause.. Although it does.not clearly appear, the judgment, subject of the first cause, seems to involve the period beginning with the cessation ..of business in 1958 up to which time the defendant states he was not in arrears and the period covered by the second cause commences apparently at the same time and runs to the date of the commencement of this action. Each party claims to be entitled to summary judgment.
The first cause is insufficiently pleaded and has no merit, which has seemingly led the plaintiff to urge that the second cause is the more important, if it is to be assumed that any Cause is more. important than another. On the contrary, it would seem, then, that the first cause would be the more important if the judgment upon which it is based were valid, for the necessity to prove again by the vehicle' of the second cause the arrears for the period involved in the first cause of action would not exist. It is invalid for the reason that it was secured ex parted This is not a matter of obtaining jurisdiction over the-person, for the Mississippi court already- had it, but rather of bringing on a proceeding for judgment of arrears in such *265 manner reasonably calculated to give notice thereof • to the defendant. Nothing whatever was done in this direction and no contention is made or authority furnished to support a judgment obtained without any notice whatever.
The second cause is good and there is no defense thereto. Accrued and unpaid alimony is, under the law of Mississippi, a vested right and the reserved power to modify is prospective only (Rainwater v. Rainwater, 236 Miss. 412, 420). Plaintiff is therefore entitled to an assessment.
Plaintiff seeks also to make the judgment of the Mississippi court the judgment of this court with the added direction that the defendant pay to the plaintiff weekly the sum as fixed and mentioned in the agreement. To this latter item plaintiff is not entitled, for it would enlarge upon the Mississippi decree which she asks to be made the decree of this court. By that decree her continued right to receive and to recover the stated sum is conditional. Plaintiff will become entitled to the stated weekly sum only if payment thereof is required in performance of the agreement in accordance with the terms and provisions thereof.
The relief sought by the defendant is granted as to the first cause of action and it is otherwise denied. The relief sought by the plaintiff is granted as to the second cause of action limited as indicated and directing an assessment and it is otherwise denied.